IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROYAL TRAVEL, INC., ET AL., | ) | CIVIL NO. 08-00314 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHELL MANAGEMENT HAWAII, | ) | |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION
TO AMEND PLAINTIFFS' AMENDED COMPLAINT**

On May 1, 2009, Plaintiffs Royal Travel, Inc., Paul Varacalli and Sandra Varacalli, husband and wife, Palmer Vaughn and Toni Vaughn, husband and wife, and Hawaii Dream Condos LLC (collectively "Plaintiffs") filed the instant Motion to Amend Plaintiffs' Amended Complaint ("Motion"). Defendants Shell Management Hawaii Inc. ("Shell"), Robert H. Evans, Bill Matthews, Marianna G. Miller, Penny Ennor, Lawrence Herman, Chuck Krause, and John Morgan, individually and as directors of the Keauhou Gardens I Association of Apartment Owners (AOAO), and Cintia Dutra, individually and as Agent for Shell Management Hawaii, Inc. and General Manager for AOAO (collectively "Defendants") filed their memorandum in opposition on May 15, 2009, and Plaintiffs filed their reply on May 21, 2009. This matter came on for hearing on June 2, 2009. Appearing on behalf of Plaintiffs were Gary Grimmer, Esq., and, by telephone,

Phillip Oberrecht, Esq.  Appearing on behalf of Defendants were Audrey Yap, Esq., and Lindalee Farm, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

Plaintiffs are full-time unit owners in the Keauhou Gardens I development and members of the AOAO.  In the instant case, Plaintiffs contest the manner in which Defendants performed, or failed to perform, certain changes and maintenance to the Keauhou Gardens I.  Plaintiffs allege various violations regarding voting, loan authorization, and adoption of house rules.

The Seventh Cause of Action in the December 3, 2008 Amended Complaint alleges that the IOA[1] officers and board of directors made false and fraudulent representations to IOA members.  The Eighth Cause of Action alleges that, "[o]n or about

---

[1] All aspects of the timeshare units in Keauhou Gardens I are governed by the Kona Coast Resort Owners Association's ("IOA") Articles of Incorporation, Declaration of Covenants, Conditions and Restrictions, and Bylaws.  The IOA has its own Board of Directors ("IOA Board").  The IOA Board can vote the percentage interest of any interval unit unless the majority of the interval owners for that unit decide otherwise.  Thus, IOA Board can decide virtually all IOA matters.  Timeshare owners are automatically members of both the AOAO and the IOA. Beginning in the 1990's, two or three timeshare owners were elected to the AOAO Board.  Plaintiffs allege that the IOA now controls the AOAO Board.

June 4, 2008, the Defendants caused to be sent to non-time share AOAO members only, a letter falsely represented as being a communication from the AOAO Board of Directors, with a questionnaire seeking approval to borrow money . . . ." [Amended Complaint at ¶ 29.] Plaintiffs allege that the letter contained false and misleading statements and that Defendants followed improper procedure in voting on the loan approval. Plaintiffs argue that the loan should be declared null and void. [Id. at ¶¶ 30-32.]

        In the instant Motion, Plaintiffs essentially seek to delete the existing Seventh Cause of Action and replace it with a new claim. The proposed claim alleges that Defendants obtained a $1,000,000.00 loan in May 2008 as an AOAO debt without giving the apartment owners proper notice and obtaining the owners' consent prior to obtaining the loan, and without giving the owners an accounting. Plaintiffs' requested relief for the proposed claim is an order requiring Defendants to repay the loan and to repay all interest paid on the loan.

        In their memorandum in opposition, Defendants state that they do not oppose the deletion of the existing Seventh Cause of Action, but they oppose the addition of the proposed claim because the proposed claim is futile. Plaintiffs, as individual unit owners, do not have standing under Hawaii law to

bring a direct suit for damages to the AOAO's common finances.[2] Plaintiffs could only obtain redress through a derivative action. Defendants also argue that Haw. Rev. Stat. § 514A-82.3 and Hawaii case law do not require a board of directors to notify and obtain the consent of a majority of owners prior to authorizing a loan. Defendants argue that the statute only requires notification and consent for the loan to be considered a common expense, which Plaintiffs' Eighth Cause of Action acknowledges the AOAO did in June 2008.

Defendants also argue that Plaintiffs unduly delayed in seeking the instant amendment. Plaintiffs knew or should have known about the facts underlying the proposed claim when they filed their original Complaint on July 3, 2008. J. Charles Blanton, Esq., former counsel for Plaintiffs and president of Royal Travel, was on the AOAO board of directors at the time of the loan and had access to all of the information underlying the proposed claim. Further, Plaintiffs were clearly aware of the circumstances which gave rise to the proposed claim because the Amended Complaint added the Eighth Cause of Action alleging improper loan authorization. Plaintiffs, however, waited until almost a year after the event and the last day to amend pleadings

---

[2] On May 11, 2009, Defendants filed a motion to dismiss, or in the alternative for summary judgment, based on this issue as it relates to the claims in the Amended Complaint. A hearing on the motion is set for June 15, 2009 before the district judge.

before filing the instant Motion.  Plaintiffs provide no reason for the delay.  Defendants argue that the Motion is a dilatory tactic and Plaintiffs already had an opportunity to amend their Complaint, but failed to add the proposed claim.

Finally, Defendants argue that granting the Motion will be unfairly prejudicial to them.  Defendants would not have enough time to supplement their pleadings and file a dispositive motion on the new claim by the June 19, 2009 dispositive motions deadline.  If the Court continues the deadlines, it would prejudice Defendants by delaying the resolution of the case.

In their reply, Plaintiffs argue that Hawaii Revised Statutes Chapter 514A does not limit the type of actions that apartment owners can bring and that § 514A-94(b) indicates that the legislature intended to preserve individual apartment owners' right to maintain a direct cause of action against an AOAO for violation of Chapter 514A, the declaration, the bylaws, and/or the house rules.  Plaintiffs argue that a plain reading of § 514A-82.3 requires notification and consent of the owners before authorizing the borrowing of money.  Further, even if ratification of loans is allowed after the fact, the IOA did not comply with statutory requirements for obtaining proxies from the time-share owners.

Plaintiffs argue that they did not unduly delay in bringing the instant Motion.  They filed it within five months

after Defendants filed their Answer and they filed the Motion within the time frame allowed in this Court's scheduling order. Further, there is no indication that the amendment would require additional, costly discovery.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading has been filed, a party must obtain leave of court or the written consent of the opposing party to amend its pleadings. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The determination whether a party should be allowed to amend a pleading is left to the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted). If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits. See Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will

cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  The party opposing the motion for leave to amend bears the burden of establishing prejudice.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).

   Defendants argue that the Court should deny the Motion because Plaintiffs unduly delayed in raising the proposed claim. According to Defendants, Plaintiffs knew or should have known of the facts giving rise to the claim when they filed their original Complaint on July 3, 2008.  First, the Court emphasizes that Plaintiffs filed the instant Motion within the allowed time to add parties and amend pleadings.  Plaintiffs brought the instant Motion approximately one year after Defendants obtained the loan at issue and less than five months after Defendants filed their Answer in the instant case.  Thus, the Court is not inclined to find that there was undue delay.  Further, undue delay alone is not sufficient grounds to deny a motion for leave to amend.  See

Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Defendants also argue that allowing the amendment would be prejudicial to them.  They argue that they would not have sufficient time to respond to the new claim before the current June 19, 2009 dispositive motions deadline.  If the dispositive motions deadline and other deadlines are continued in light of the new claim, Defendants argue that they will be prejudiced by the delay in the resolution of the case.  Prejudice sufficient to warrant denial of leave to amend must be substantial.  See Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 156 (N.D. Cal. 2005) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  For example, courts have found substantial prejudice where the amendment came on the eve of the close of discovery and where the amendment would have destroyed diversity jurisdiction.  See id. (citing Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998)); DCD Programs, 833 F.2d at 187).  First, Defendants may be able to file a dispositive motion by the current June 19, 2009 deadline.  Defendants argue that the proposed claim is futile and they note that they have raised the same arguments in a motion to dismiss the existing claims.  That motion is set for hearing before the district judge on June 15, 2009.  If this Court grants leave to amend, Defendants may be able to promptly file a motion to dismiss the new claim based on the same arguments raised in the

pending motion to dismiss.  If an extension of the dispositive motions deadline is necessary, it is likely that it would be a brief one because the facts which form the basis of the new claim are not a surprise to Defendants and they have already identified the arguments that they would raise in a motion to dismiss the new claim.  A brief extension of the dispositive motions deadline may have little, if any, effect on when the district judge determines the ultimate resolution of the case.  This Court therefore finds that Defendants have not shown prejudice sufficient to warrant denial of leave to amend.

Defendants' primary argument is that the proposed claim is futile.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  This Court cannot find that Plaintiffs' proposed claim is completely futile.  The arguments that Defendants have raised with regard to the merits of the claim are more appropriate for a dispositive motion.

Thus, even assuming, *arguendo*, that Plaintiffs unduly delayed in bringing the new claim, there must also be other factors present, like prejudice, bad faith, or futility, to

warrant denial of leave to amend.  This Court finds that none of those other factors are present in this case.

### CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Amend Plaintiffs' Amended Complaint, filed May 1, 2009, is HEREBY GRANTED.  Plaintiffs shall file Second Amended Complaint, in the form attached to the Motion, by no later than **June 15, 2009**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 9, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ROYAL TRAVEL, INC. V. SHELL MANAGEMENT HAWAII, INC., ET AL; CIVIL NO. 08-00314 JMS-LEK; ORDER GRANTING PLAINTIFFS' MOTION TO AMEND PLAINTIFFS' AMENDED COMPLAINT**