IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYAL TRAVEL, INC., PAUL VARACALLI and SANDRA VARACALLI, husband and wife, PALMER VAUGHN and TONI VAUGHN, husband and wife, and HAWAII DREAM CONDOS LLC,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SHELL MANAGEMENT HAWAII, INC., ROBERT H. EVANS, BILL MATHEWS, MARIANNA G. MILLER, PENNY ENNOR, LAWRENCE HERMAN, CHUCK KRAUSE, and JOHN MORGAN, individually and as directors of the Keauhou Gardens, I Association of Apartment Owners (AOAO), and CINTIA DUTRA, individually and as Agent for Shell Management Hawaii, Inc. and General Manager for AOAO,<br><br>        Defendants. | CIVIL NO. 08-00314 JMS/LEK<br><br>ORDER REQUIRING PLAINTIFFS TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED |

**ORDERING REQUIRING PLAINTIFFS TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

This lawsuit arises out of a dispute over the management of Keauhou Gardens I (the "Gardens"), a 112-unit condominium complex located in Kailua-Kona, Hawaii. Plaintiffs Royal Travel, Inc. ("Royal Travel"), Paul and Sandra

Varacalli, Palmer and Toni Vaughn, and Hawaii Dream Condos LLC (collectively, "Plaintiffs") -- full-time unit owners at the Gardens and members of the Gardens' Association of Apartment Owners, Inc. -- allege that Defendants Robert H. Evans, Bill Mathews, Marianna G. Miller, Penny Ennor, Lawrence Herman, Chuck Krause, John Morgan, Shell Management Hawaii, Inc., and Cintia Dutra (collectively, "Defendants") mismanaged the Gardens in violation of Hawaii law.

Plaintiff Royal Travel filed the original Complaint on July 3, 2008. On December 3, 2008, an Amended Complaint was filed adding California residents Paul and Sandra Varacalli, Nevada residents Palmer and Toni Vaughan, and Oregon based Hawaii Dream Condos LLC as Plaintiffs. Plaintiffs then filed the Second Amended Complaint on June 9, 2009 against Defendants, premising jurisdiction on diversity of citizenship.

For the foregoing reasons, the court ORDERS Plaintiffs to SHOW CAUSE why the Second Amended Complaint should not be dismissed for lack of subject matter jurisdiction.

## **ANALYSIS**

The court has an obligation to ensure that it has jurisdiction over the claims raised by the parties, and may raise this issue sua sponte. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the

obligation of both district court and counsel to be alert to jurisdictional requirements."); *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021 (9th Cir. 2007) ("[W]e are 'obliged to raise questions of the district court's subject-matter jurisdiction sua sponte.'" (quoting *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987))). Indeed, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). The court, therefore, sua sponte raises the issue of its jurisdiction over this action.

Plaintiffs bring their Second Amended Complaint pursuant to 28 U.S.C. § 1332 based on the alleged diversity of citizenship between the parties. *See* Second Am. Compl. ¶ 3. Section 1332(a)(1) states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." To premise jurisdiction on diversity pursuant to § 1332, complete diversity of citizenship must exist between all plaintiffs and all defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a

single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Diversity jurisdiction is determined at the time the complaint is filed. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 479 (2003) ("[F]ederal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed."); *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 809-10 (9th Cir. 1992) ("It is well settled that the existence of complete diversity is assessed at the time of the filing of a complaint and that subsequent changes in the citizenship of an existing party do not affect the determination of jurisdiction."); *Co-efficient Energy Sys. v. CSL Indus.*, 812 F.2d 556, 557 (9th Cir. 1987) ("Diversity of citizenship is determined as of the time of the filing of the complaint.").

In the case of an amended complaint which joins new parties, diversity must exist at the time the amended complaint is filed.[1]  *See Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended

---

[1] There is one exception to this rule. In the case of removal, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to the subsequent [amended complaints]." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Because there was no removal in this action, the removal case law does not apply. *See Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("[R]emoval cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment.").

complaint to determine jurisdiction"); *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966) (basing diversity jurisdiction on amended complaint because "an amended pleading does not relate back insofar as it states claims against newly-joined defendants"); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1492 (7th Cir. 1996) (stating that where an amended complaint is filed, federal jurisdiction is based on the amended complaint); *In re iBasis, Inc. Derivative Litig.*, 551 F. Supp. 2d 122, 125 (D. Mass. 2008) ("[W]hen an amended pleading . . . supercedes the original complaint, jurisdiction is determined based on the amended pleading."); *China Basin Props., Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, 1303 (N.D. Cal. 1992) ("In the case of an amended complaint which joins new parties, . . . the diversity must exist at the time of the amendment.").

When the party whose presence in the case would destroy jurisdiction is not considered to be "indispensable," the court may dismiss the non-diverse parties and thereby preserve the court's jurisdiction to permit the proceeding to move forward. *See Grupo Dataflux*, 541 U.S. at 572 (stating that curing a jurisdictional defect by dismissing a party that destroyed diversity has "long been an exception to the time-of-filing rule" and that the "question always is . . . when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a

decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them") (citation and quotation signals omitted); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) (stating that district court has power to dismiss non-diverse party added in third-party complaint "as long as doing so does not prejudice the remaining parties"); *Wheelock v. Sport Kites, Inc.*, 839 F. Supp. 730, 735 (D. Haw. 1993) ("A dispensable non-diverse party may be dismissed to perfect retroactively the district court's original jurisdiction.").

From the face of the Second Amended Complaint, complete diversity does not exist. Plaintiffs Paul and Sandra Varaccalli and Defendants Robert Evans, Bill Mathews, and Chuck Krause are all residents of California; Plaintiffs Palmer and Toni Vaughan and Defendant Mariana Miller are all residents of Nevada. *See* Second Am. Compl. ¶¶ 1-2. Thus, it appears that this court lacks subject matter jurisdiction over this action.

Accordingly, the court ORDERS Plaintiffs TO SHOW CAUSE, by **July 14, 2009 at 12:00 p.m.** why the Second Amended Complaint should not be dismissed for lack of jurisdiction. To the extent that Plaintiffs contend that they can cure any jurisdictional problems, Plaintiffs should address how a cure would be

consistent with both the law and the allegations in their Second Amended Complaint.  Defendants may file a Response by **July 16, 2009 at 3:00 p.m.**

## **CONCLUSION**

For the reasons stated above, the court ORDERS Plaintiffs to SHOW CAUSE why the Second Amended Complaint should not be dismissed for lack of subject matter jurisdiction by **July 14, 2009 at 12:00 p.m.**  Defendants may file a Response by **July 16, 2009 at 3:00 p.m.**  Failure to comply with this Order may result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 10, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Royal Travel, Inc., et al. v. Shell Mgmt. Haw. Inc., et al.*, Civ. No. 08-00314 JMS/LEK; Order Requiring Plaintiffs to Show Cause Why Complaint Should Not Be Dismissed