IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYAL TRAVEL, INC., PAUL VARACALLI and SANDRA VARACALLI, husband and wife, PALMER VAUGHN and TONI VAUGHN, husband and wife, and HAWAII DREAM CONDOS LLC, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| SHELL MANAGEMENT HAWAII, INC., ROBERT H. EVANS, BILL MATHEWS, MARIANNA G. MILLER, PENNY ENNOR, LAWRENCE HERMAN, CHUCK KRAUSE, and JOHN MORGAN, individually and as directors of the Keauhou Gardens, I Association of Apartment Owners (AOAO), and CINTIA DUTRA, individually and as Agent for Shell Management Hawaii, Inc. and General Manager for AOAO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

CIVIL NO. 08-00314 JMS/LEK

ORDER (1) DENYING PLAINTIFFS'
MOTION TO DISMISS
NONDIVERSE PLAINTIFFS AND
(2) DISMISSING SECOND
AMENDED COMPLAINT

### ORDER (1) DENYING PLAINTIFFS' MOTION TO DISMISS NONDIVERSE PLAINTIFFS AND (2) DISMISSING SECOND AMENDED COMPLAINT

This lawsuit arises out of a dispute over the management of Keauhou

Gardens I (the "Gardens"), a 112-unit condominium complex located in Kailua-

Kona, Hawaii.  Plaintiffs Royal Travel, Inc., Paul and Sandra Varacalli, Palmer and

Toni Vaughn, and Hawaii Dream Condos LLC (collectively, "Plaintiffs") -- full-

time Gardens unit owners and members of the Gardens' Association of Apartment

Owners, Inc. (the "Association") -- allege that Defendants Robert H. Evans, Bill

Mathews, Marianna G. Miller, Penny Ennor, Lawrence Herman, Chuck Krause,

John Morgan, Shell Management Hawaii, Inc., and Cintia Dutra (collectively,

"Defendants") mismanaged the Gardens in violation of Hawaii law.

Currently before the court is Plaintiffs' Motion to Dismiss Nondiverse

Parties ("Plaintiffs' Motion to Dismiss"), which Plaintiffs filed in response to the

court's July 10, 2009 Order Requiring Plaintiffs to Show Cause Why the Second

Amended Complaint Should Not Be Dismissed for lack of subject matter

jurisdiction ("July 10, 2009 Order to Show Cause").  Based on the following, the

court DENIES Plaintiffs' Motion to Dismiss and DISMISSES Plaintiffs' Second

Amended Complaint for lack of subject matter jurisdiction.

## I.  BACKGROUND

On June 9, 2009, Plaintiffs filed a Second Amended Complaint

against Defendants alleging mismanagement of the Gardens by certain members of

the Association's Board of Directors (the "Board") in violation of the Gardens

Restatement of Declaration of Condominium Property Regime (the "Declaration"),

the Restatement of Bylaws of the Association of Apartment Owners of the Gardens

(the "Bylaws"), and various Hawaii Revised Statutes.[1]  Specifically, Plaintiffs

allege that Defendants intentionally and/or negligently decreased the value of the

Gardens' common property (Counts I-V); denied Association members a vote at

Association meetings (Count VI); and improperly obtained a $1 million loan and

instituted house rules (Counts VII-IX) all in violation of the Bylaws, the

Declaration, and Hawaii law.  As to the common property, Plaintiffs request

specific performance and injunctive relief, and alternatively, damages.  As to the

voting claims, Plaintiffs request a declaratory judgment and ask that the court

invalidate certain Association votes regarding common property and common

finances.  Plaintiffs also request that the court issue a declaratory judgment

defining the Association's authority over the house rules.

In the July 10, 2009 Order to Show Cause, the court noted that

Plaintiffs' Second Amended Complaint -- premised on diversity jurisdiction --

lacked complete diversity because Plaintiffs Paul and Sandra Varacalli and

Defendants Robert Evans, Bill Mathews, and Chuck Krause are all residents of

---

[1]  Plaintiffs, as full-time unit owners, own an undivided percentage interest with respect to the common elements of the Gardens, including the common property, finances, and voting. Doc. No. 100, Oberrecht Decl., Ex. 1 at D620 ¶ 7 ("Each apartment shall have appurtenant thereto an undivided percentage interest in all common elements of the [Gardens] . . . , and the same proportionate share in all common profits and expenses of the [Gardens] for all other purposes including voting.").

California and Plaintiffs Palmer and Toni Vaughan and Defendant Mariana Miller are all residents of Nevada.  *See* Second Am. Compl. ¶¶ 1-2.[2]  Because it appeared that the court lacked subject matter jurisdiction over the action, the court ordered Plaintiffs to show cause why the Second Amended Complaint should not be dismissed for lack of jurisdiction and, to the extent Plaintiffs could cure any jurisdictional problems, for Plaintiffs to explain how a cure would be consistent with the law and the allegations in their Second Amended Complaint.

As a result, Plaintiffs filed their Motion to Dismiss on July 14, 2009. Defendants filed an Opposition to Plaintiffs' Motion to Dismiss on July 16, 2009. On July 23 and 27, 2009, both parties submitted supplemental briefing on the issue of whether Plaintiffs Paul and Sandra Varacalli and Palmer and Toni Vaughn (the "Varacallis and Vaughns") are indispensable parties such that they may be dismissed in order for this court to retain jurisdiction.  Hearings were held on July 17 and 28, 2009.

///

///

///

---

[2]  As stated in the July 10, 2009 Order to Show Cause, in the case of an amended complaint which joins new parties, diversity must exist at the time the amended complaint is filed.  *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007).

4

## II. ANALYSIS

### A. Legal Authority

"'[Federal Rule of Civil Procedure] 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time'" to preserve the court's jurisdiction, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 573 (2004) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)), provided that the party is not "indispensable" under Rule 19(b). *Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981) (noting that before court can direct dismissal of action because of incomplete diversity of citizenship, court must determine whether nondiverse parties are indispensable under Rule 19(b) such that they may be dismissed).[3]

Put slightly differently, when a court asks whether it shall dismiss nondiverse parties to perfect jurisdiction, the "question always is . . . , whether . . .

---

[3] As of December 1, 2007, Rule 19(b) no longer includes the term "indispensable." Because these changes were stylistic only, prior cases referencing "indispensable" parties remain good law. *See Republic of Philippines v. Pimentel*, --- U.S. ---, 128 S. Ct. 2180, 2184 (2008) (stating changes to Rule 19(b) were stylistic only); *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 n.2 (9th Cir. 2009) ("There is no substantive difference between the present [Rule 19(b)] and the rule as applied . . . prior to the 2007 amendment."); *see also E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005) (explaining that term "indispensable" in Rule 19(b) is used "only in a conclusory sense, that is, a person is regarded as indispensable when he cannot be made a party and, upon consideration of the factors in Rule 19(b), it is determined that in his absence it would be preferable to dismiss the action, rather than to retain it") (brackets, citation, and quotation signals omitted). As such, for the sake of consistency and convenience, the court refers to parties that a court "in equity and good conscience" cannot proceed without under Rule 19(b) as "indispensable."

they are indispensable parties [under Rule 19(b)], for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *See Grupo Dataflux*, 541 U.S. at 572 (citation and quotation signals omitted); *see also Newman-Green, Inc.*, 490 U.S. at 838-89 ("In each case, the . . . court should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) (stating that a district court may dismiss a nondiverse, dispensable plaintiff "as long as doing so does not prejudice the remaining parties").

A party is indispensable under Rule 19(b) if in "equity and good conscience" the court should not allow the action to proceed in its absence. Fed. R. Civ. P. 19(b); *see, e.g.*, *Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*, 276 F.3d 1150, 1161 (9th Cir. 2002). The factors to be considered under Rule 19(b) are: (1) the extent a judgment rendered in the person's absence might prejudice that person or other parties; (2) the extent to which prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the

action is dismissed for nonjoinder.[4]  Fed. R. Civ. P. 19(b); *see E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005).

Rule 19's indispensable party "inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application."  *Dawavendewa*, 276 F.3d at 1154; *see also Republic of Philippines v. Pimentel*, --- U.S. ---, 128 S. Ct. 2180, 2188 (2008) ("The design of . . . Rule [19] . . . indicates that the determination whether to proceed will turn upon factors that are case specific, which is consistent with a Rule based on equitable considerations.  . . .  [T]he determination of who may, or must, be parties to a suit has consequences for the persons and entities affected by the judgment; for the judicial system and its interest in the integrity of its processes and the respect accorded to its decrees; and for society and its concern for the fair and prompt resolution of disputes."); *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005) (noting that whether a party is "indispensable" is an equitable consideration of the Rule 19(b) factors).

///

///

**///**

---

[4]  The fourth Rule 19(b) factor -- whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder -- has been examined in terms of whether there is an alternative forum where all parties may be joined.  *See, e.g., Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*, 276 F.3d 1150, 1162 (9th Cir. 2002).

**B.      Application**

Plaintiffs argue that the factors weigh in favor of finding that the

Varacallis and Vaughns are not indispensable such that this court may dismiss

them and retain jurisdiction.  For the reasons set forth below, the court disagrees.

*1.      Prejudice*

Dismissing the Varacallis and Vaughns from this action could

prejudice them and Defendants.  Determining whether prejudice exists under Rule

19(b) is the same inquiry as determining whether a party is necessary under Rule

19(a)(1).  *See Dawavendewa*, 276 F.3d at 1162; *Clinton v. Babbitt*, 180 F.3d 1081,

1090 (9th Cir. 1999).  In pertinent part, Rule 19(a)(1) states that a party is

necessary if:

> (A) in that person's absence, the court cannot accord
> complete relief among existing parties; or
> (B) that person claims an interest relating to the subject
> of the action and is so situated that disposing of the
> action in the person's absence may:
>> (i) as a practical matter impair or impede the
>> person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial
>> risk of incurring double, multiple, or otherwise
>> inconsistent obligations because of the interest.

*See also Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110

(1968) (noting that, under Rule 19(b), the court examines whether a defendant may

be subject to "multiple litigation, or inconsistent relief" and the extent a judgment

practically impairs or impedes an absent party's interest).

The prejudice to Defendants results from the substantial risk of having

to litigate this matter simultaneously in separate forums, possibly resulting in

multiple and/or inconsistent obligations.  If the Varacallis and Vaughns -- parties

who have already shown an interest in this action by joining as Plaintiffs -- are

dismissed as dispensable parties, they could certainly institute a parallel action in

state court, which would result in multiple litigations and perhaps inconsistent

judgments.[5]

---

[5] Plaintiffs' argument that there is no risk of multiple or inconsistent judgments is based on the wholly unsupported premise that a parallel action would only be commenced *after* this action is resolved.  *See* Pls.' Supplemental Mot. 5-6, 11.  Nothing, however, precludes the Varacallis or Vaughns from instituting an action in state court immediately.

Further, Plaintiffs' argument that the risk of incurring multiple or inconsistent obligations is lessened by collateral estoppel wholly lacks merit.  *See* Pls.' Supplemental Mot. 5-6, 11. Plaintiffs have not provided any support for their statement that a judgment in this case would bind the Varacallis or Vaughns if they are dismissed from this action.  To the contrary, there is no guarantee that a person will be bound by a judgment unless they are properly before the court as a party or in privity with a party.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) ("[I]ssue preclusion [or collateral estoppel] prevents a party from relitigating an issue decided in a previous action if four requirements are met: '(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.'" (quoting *U.S. Internal Revenue Serv. v. Palmer*, 207 F.3d 566, 568 (9th Cir. 2000))); *see also Allen v. McCurry*, 449 U.S. 90, 95 (1980) ("[O]ne general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case.") (citation omitted); *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960) ("[N]o court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court.'") (citation omitted).

A decision in this case could also prejudice the Vaughns and the Varacallis because their interests as full-time Gardens unit owners could be directly affected by this litigation.  That is, any decision impacting the Gardens' common property or finances, Association voting rules or rights, or house rules would necessarily impair the Varacallis' and Vaughns' undivided interest in the common elements.  *See* Doc. No. 100, Oberrecht Decl., Ex. 1 at D620 ¶ 7.

Plaintiffs' argument that the Varacallis and Vaughns would not be prejudiced because "they would not be bound by any judgment" affords them no relief.  *See* Pls.' Supplemental Mot. 5, 8.  While a court may find that a judgment in this action has no preclusive effect on the Varacallis and Vaughns, the Varacallis' and Vaughns' interests as common owners may certainly be *impaired*. *See Provident Tradesmen Bank*, 390 U.S. at 110 (noting that Rule 19(b) requires the court to examine "the extent to which the judgment may 'as a practical matter impair or impede [the absent party's] ability to protect' his interest in the subject matter" and not simply whether a judgment is legally enforceable against a nonparty) (quoting Rule 19(a)).  This impairment may occur because there is no way to shape the relief regarding the common finances, voting, and house rule claims as to diverse Plaintiffs alone.[6]  For example, if the court determined the

---

[6] In fact, Plaintiffs stated at the hearing that the relief as to these claims would be the

(continued...)

validity of the Board vote authorizing the $1 million loan for modifications to the common property, the court would either alter or affirm the Association voting rules and/or practices (which govern the Varacallis and Vaughns as common owners) and validate or nullify the $1 million loan (which the Varacallis and Vaughns are partly responsible) even if a judgment had no preclusive effect on the Varacallis and Vaughns.

This factor weighs in favor of a finding that the Varacallis and Vaughns are indispensable.

### 2.   *Shaping Relief to Lessen Prejudice to Nondiverse Parties*

Plaintiffs have not proposed any relief that would fully alleviate the prejudice to the Varacallis and Vaughns.

While Plaintiffs state that they would settle for an award of diminution in value to their individual units, that only lessens the prejudice as to Plaintiffs' claims for damages to common property. *See* Pls.' Supplemental Mot. 9 ("Plaintiffs . . . would accept a monetary judgment . . . in lieu of mandatory or injunctive relief regarding changes and damages to the property[.]").  As to the Association's voting requirements and the Gardens' common finances and house

---

[6](...continued)
same regardless of whether the case proceeded with the two diverse Plaintiffs or if the case involved all unit owners.

rules, monetary damages fail to address Plaintiffs' claims for relief.  *See id.* at 6, 9-11; Sec. Am. Compl. at 19, ¶¶ 32, 35.[7]  As such, any decision on those claims would necessarily prejudice the Varacallis and Vaughns.

Further, the court cannot shape or craft any individualized damages or declaratory relief that can adequately redress Plaintiffs' common finance, voting, or house rule claims.  Put differently, any meaningful decision regarding these claims requires some sort of injunctive relief -- *e.g.*, nullifying or validating the Board's votes, defining the Association voting requirements or house rules -- which would prejudice the Varacallis and Vaughns.[8]

---

[7]  Plaintiffs' sixth through ninth causes of action in the Second Amended Complaint request injunctive and declaratory relief.  *See* Sec. Am. Compl. ¶¶ 21-35.  For example, Plaintiffs request that the court find that a loan procured by a Board vote is "null and void," Sec. Am. Compl. ¶ 32, state that the house rules "can only be corrected by a ruling of this Court defining the proper purpose and limitations of such House Rules," *id.* ¶ 35, request that the court "nullify the votes cast at the April 14, 2008 [Association] annual meeting, *id.* at 19, and order repayment of the loan of $1 million plus interest to First Hawaii Bank.  *Id.*  Further, in Plaintiffs' Motion for Partial Summary Judgment submitted previously to the court, Plaintiffs requested that the court order specific injunctive relief.  *See* Doc. No. 83, at 10 (requesting that "this court declare each [of Bill Mathews' proxy votes] to be null, void, and of no effect," "order that Jerry Goggin, and not Penny Ennor, was elected as a Board member," and "declar[e] the Resolutions presented at the April 14, 2008 meeting be approved"); *id.* at 19 (requesting that "this court order that the $1,000,000 loan, . . . not be considered common expense of the project, but that defendant board members be held personally liable for the loan").

[8]  If the court issues injunctive relief as to the common voting, finance, and house rule claims, the Varacallis and Vaughns would be prejudiced and bound without being represented.  If the court shapes relief to exclude injunctive relief to avoid prejudice (e.g., declaratory relief requiring no action on the part of the parties), then that relief would be only token.  *See Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970) ("The court must . . . always consider the possibility of shaping a decree in order to adjudicate between the parties who have been joined.  In this vein the court must guard against the formulation of 'paper' decrees which neither

(continued...)

This factor weighs against dismissing the Varacallis and Vaughns.

### 3.    *Adequate Relief*

No partial remedy is adequate.  "Adequacy [in Rule 19(b)] refers to the 'public stake in settling disputes by wholes, whenever possible.'  This 'social interest in the efficient administration of justice and the avoidance of multiple litigation' is an interest that has 'traditionally been thought to support compulsory joinder of absent and potentially adverse claimants.'"  *Republic of Philippines*, 128 S. Ct. at 2193 (quoting *Provident Tradesmen Bank*, 390 U.S. at 111).

Plaintiffs request that this court decide issues regarding the common finances, invalidate Board votes authorizing a $1 million loan and structural changes to the common elements, and define the boundaries of the house rules. *See* Sec. Am. Compl. 18-19, ¶¶ 21-37.  As such, a decision in this case will necessarily affect the Varacallis' and Vaughns' interests as owners of the common elements without any assurance that they would be bound by the judgment in this action.  As such, going forward with this action without the Varacallis and

---

[8](...continued)

adjudicate nor, in the end, protect rights."); *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 440 F. Supp. 506, 519 (N.D. Cal. 1977) ("Although the legal position of the present defendant and its theoretical ability to comply with an order are relevant, they may be outweighed by a finding that absent parties may as a practical matter prevent the full realization of the intended relief."); *see, e.g., Holicky v. Selective Serv. Local Bd. No. 3, Denver Colo.*, 328 F. Supp. 1373, 1376-77 (D. Colo. 1971) (refusing to dismiss party under Rule 19(b) even though judgment would not prejudice absent party where lack of party rendered court "powerless to render a judgment which would provide plaintiff with more than token victory").

Vaughns would not further the public interest in settling this dispute as a whole. *See Republic of Philippines*, 128 S. Ct. at 2193.

Thus, this factor weighs against granting Plaintiffs' Motion to Dismiss.

### 4.    *Adequate Remedy*

If the Varacallis and Vaughns are found to be indispensable and this action is dismissed for lack of jurisdiction, Plaintiffs have an adequate remedy because the state court provides an alternative forum where all of the parties may participate. *See Dawavendewa*, 276 F.3d at 1162.  Plaintiffs put forth no reason why the state court is not an adequate forum.  In fact, considering the complex, novel issues of state statutory law presented by the parties,[9] the state court is well suited to resolve this dispute.

This factor weighs heavily against this court proceeding without the Varacallis and Vaughns.

///

///

---

[9] Prior to the court issuing the July 10, 2009 Order to Show Cause, Defendants filed a Motion to Dismiss the Second Amended Complaint or, in the Alternative, for Partial Summary Judgment ("Defendants' Motion") and Plaintiffs filed a Motion for Partial Summary Judgment ("Plaintiffs' Motion").  Both Defendants' and Plaintiffs' Motions raised complex, undecided issues of Hawaii law.

### 5.      *Balancing the Factors*

Balancing these four factors and taking into account all of the equitable considerations, the court finds that, in "equity and good conscience," this action may not proceed in the Varacallis' and Vaughns' absence pursuant to Rule 19(b).[10]  The court thus DENIES Plaintiffs' Motion to Dismiss.

As such, the jurisdictional defect highlighted in the July 10, 2009 Order to Show Cause remains.  Because there is not complete diversity of the parties, the court DISMISSES the Second Amended Complaint for lack of subject matter jurisdiction.[11]

///

///

///

///

///

---

[10]  Defendants also argue that non-party unit owners are indispensable parties.  *See* Defs.' Supplemental Mot. 12-17.  Because the Varacallis and Vaughns are indispensable such that this court lacks subject matter jurisdiction, the court does not reach this issue.

[11]  Plaintiffs also briefly address whether the Association is a required party.  *See* Pls.' Supplemental Mot. 2, 6, 10-13.  The court stated at the July 14, 2009 hearing that after receiving supplemental briefing with regard to Plaintiffs' Motion to Dismiss -- specifically, whether the Varcallis and Vaughns are indispensable parties -- *should the court maintain jurisdiction*, it would issue an order requesting further briefing on whether Plaintiffs' claims are likely to be redressed by the relief Plaintiffs seek in the Second Amended Complaint.  Because the court lacks subject matter jurisdiction, the court does not reach this issue.

## III.  <u>CONCLUSION</u>

For the reasons stated above, the court DENIES Plaintiffs' Motion to Dismiss and DISMISSES the Second Amended Complaint.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 11, 2009.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Royal Travel, Inc., et al. v. Shell Mgmt. Haw. Inc., et al.*, Civ. No. 08-00314 JMS/LEK; Order (1) Denying Plaintiffs' Motion to Dismiss Nondiverse Plaintiffs and (2) Dismissing Second Amended Complaint