IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROYAL TRAVEL, INC., ET AL., | ) | CIVIL NO. 08-00314 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHELL MANAGEMENT HAWAII, | ) | |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
MOTION AND MEMORANDUM FOR COSTS**

Before the Court, pursuant to a designation by United
States District Judge J. Michael Seabright, is Plaintiff Royal
Travel, Inc.'s ("Royal Travel") Motion and Memorandum for Costs
("Motion"), filed on September 10, 2009.  Defendants Shell
Management Hawaii Inc. ("Shell"), Robert H. Evans, Jr.,
William D. Matthews, Marianna G. Miller, Anne Lee Ennor,
Lawrence Herman, Charles Krause, and John Morgan, individually
and as directors of the Keauhou Gardens I Association of
Apartment Owners ("AOAO"), and Cynthia ("Cintia") Dutra,
individually and as Agent for Shell and General Manager for the
AOAO (all collectively "Defendants"), filed their memorandum in
opposition on September 21, 2009, and Royal Travel filed its
reply on September 24, 2009.  The Court finds this matter
suitable for disposition without a hearing pursuant to Rule
LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Royal Travel's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below. THE Court RECOMMENDS that the district judge GRANT Royal Travel $525.00 in attorney's fees and DENY the remainder of Royal Travel's Motion.

## BACKGROUND

Royal Travel filed the instant diversity action on July 3, 2008. The December 3, 2008 Amended Complaint removed class action allegations and added Plaintiffs Paul Varacalli and Sandra Varacalli, husband and wife, Palmer Vaughn and Toni Vaughn, husband and wife, and Hawaii Dream Condos LLC (collectively with Royal Travel, "Plaintiffs"). Plaintiffs filed a Second Amended Complaint on June 9, 2009. Plaintiffs are full-time unit owners in the Keauhou Gardens I complex and members of the AOAO. Plaintiffs' claims arose from the manner in which Defendants performed, or failed to perform, various changes and maintenance to the Keauhou Gardens I complex. Plaintiffs alleged various violations regarding voting, loan authorization, and the adoption of house rules.

On August 11, 2009, the district judge filed the Order (1) Denying Plaintiffs' Motion To Dismiss Nondiverse Plaintiffs

and (2) Dismissing Second Amended Complaint.  The Clerk of the Court entered final judgment in Defendants' favor on the same day.

In the instant Motion, Royal Travel states that, on or about July 10, 2008,[1] it notified Defendants Evans, Matthews, Miller, Ennor, Herman, Krause, Morgan, and Dutra of this action and requested that they waive service.  Royal Travel also states that, on or about July 22, 2008, it informed Shell of this action and requested that Shell waive service.  None of the Defendants returned the waiver of service within sixty days of the request. Royal Travel therefore argues that, pursuant to Federal Rule of Civil Procedure 4(d)(2), it is entitled to an award of expenses incurred in making service and reasonable expenses, including attorney's fees, incurred in bringing the instant Motion.  Royal Travel states that it incurred $1,077.50 in service expenses, and $525.00 in expenses preparing the instant Motion.  Royal Travel also anticipated incurring an additional $350.00 to prepare its reply and attend a hearing on the Motion.  Royal Travel therefore requests an award of $1,952.50.

In their memorandum in opposition, Defendants argue that the Motion should be denied because Royal Travel failed to

---

[1] The Motion states that Royal Travel notified the individual Defendants on July 10, 2009, but this is presumably a typographical error because Royal Travel filed the original Complaint in this action on July 3, 2008.

3

comply with the requirements of Local Rule 54.3.[2] First, Royal Travel failed to file the Motion within fourteen days of the entry of judgment, as required by Local Rule 54.3(a).  Royal Travel also failed to submit an affidavit of counsel in support of the Motion as required by Local Rule 54.3(e).  Royal Travel submitted affidavits by J. Charles Blanton, Esq., and Jeffery Townsend, Esq., but neither of them are counsel of record in this case.  Further, Mr. Townsend's affidavit, which addresses the attorney's fees incurred, does not include the information required by Local Rule 54.3(e).  Defendants also argue that Royal Travel's failure to submit the invoices for its service expenses violates Local Rule 54.3(d)(3) and prevents Defendants from evaluating these expenses.  Finally, Defendants argue that Royal Travel cannot recover time for a hearing on the Motion because it is a non-hearing motion.

In its reply, Royal Travel argues that Local Rule 54.3 does not apply to the instant Motion.  Royal Travel asserts that Rule 4(d)(2): 1) does not require a plaintiff to prevail in the

---

[2] Defendants also argue that Royal Travel is not entitled to costs pursuant to Local Rule 54.2.  This Court will not discuss this argument because the Motion is not a bill of costs filed pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2, which govern awards of taxable costs to a prevailing party.  Royal Travel does not claim to be the prevailing party; its Second Amended Complaint was dismissed for lack of jurisdiction.  Further, the Motion seeks an award of attorney's fees, and Rule 54(d)(1) expressly excludes awards of attorney's fees.

4

action as a whole; 2) does not provide a time limit for a
plaintiff to file a motion pursuant to Rule 4(d)(2); and 3) does
not require a plaintiff to meet and confer with the opposing
party regarding the request for fees and costs.  Even if a party
seeking a Rule 4(d)(2) award is required to meet and confer with
the opposing party, Royal Travel asserts that Mr. Blanton did
request payment of the costs of service when he was serving as
Royal Travel's counsel of record.[3]  Finally, Royal Travel argues
that nothing prohibits Mr. Townsend, who is not *pro hac vice*
counsel of record, from submitting an affidavit setting forth
work that he did to prepare a motion which was ultimately
approved and signed by Phillip S. Oberrecht, *pro hac vice* counsel
of record.

**DISCUSSION**

I.  **Local Rule 54.3**

At the outset, Defendants argue that this Court cannot
consider the merits of Royal Travel's Motion because Royal Travel
did not comply with Local Rule 54.3's threshold requirements for
the filing of a motion for attorney's fees and costs.

Local Rule 54.3(a) states, in pertinent part: "Unless
otherwise provided by statute or ordered by the court, a motion
for an award of attorneys' fees and related non-taxable expenses

---

[3] This Court disqualified Mr. Blanton as counsel of record
and revoked his *pro hac vice* status on March 12, 2009 because he
was likely to be a necessary witness in this case.

must be filed and served within fourteen (14) days of entry of judgment." The judgment in the instant case was filed on August 11, 2009, and Royal Travel filed the instant motion on September 10. Further, Local Rule 54.3(b) states, in pertinent part:

> The court will not consider a motion for
> attorneys' fees and related non-taxable expenses
> until moving counsel advises the court in writing
> that, after consultation, or good faith efforts to
> consult, the parties are unable to reach an
> agreement with regard to the fee award or that the
> moving counsel has made a good faith effort, but
> has been unable, to arrange such a conference.

Defendants assert that Royal Travel did not attempt to consult with them regarding the award. [Mem. in Opp., Decl. of Lindalee K. Farm at ¶ 9.] Defendants therefore argue that the Motion should be denied.

Local Rule 54.3 supplements Federal Rule of Civil Procedure 54, and this Court must construe Local Rule 54.3 in a manner that is consistent with Rule 54. See Local Rule LR1.3 ("These rules supplement the Federal Rules of Civil Procedure . . . , and shall be construed so as to be consistent with those rules . . . ."). Rule 54(d)(2)(B)(i) contains the same filing deadline as Local Rule 54.3(a). Rule 54(d)(2)(E), however, states "[s]ubparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules . . . ." The instant Motion seeks fees and expenses pursuant to Federal Rule of Civil Procedure 4(d)(2) as a sanction for Defendants' refusal

6

to waive service of the summons and complaint.  Thus, Rule 54(d)(2)(B)'s requirements, including the fourteen-days-after-judgment deadline, do not apply to the instant Motion. Similarly, Local Rule 54.3's requirements, including the requirement to consult with the opposing party, do not apply to the Motion.

This does not mean that there is no time limit for the filing of a motion seeking sanctions for the violation of the Federal Rules of Civil Procedure.  Such motions should be filed within a reasonable time after the entry of judgment, as measured by whether the delay in bringing the motion prejudiced the party to be sanctioned.  See, e.g., Baker v. Alderman, 158 F.3d 516, 523 (11th Cir. 1998) (regarding requests for fees that are collateral to the case).  Royal Travel filed the instant Motion within thirty days after the entry of judgment.  Although Royal Travel filed the Motion more than a year after requesting waiver of service, there is no prejudice to Defendants.  The Motion seeks Royal Travel's service costs, which are readily verifiable through the invoices, and its current attorney's fees incurred in bringing the Motion.  The Court therefore finds that the instant Motion is timely.  The Court now turns to the merits of Royal Travel's Motion.

## II.  <u>Federal Rule of Civil Procedure 4(d)(2)</u>

Plaintiff seeks an award of attorney's fees and costs

7

pursuant to Federal Rule of Civil Procedure 4(d)(2), which

states:

> If a defendant located within the United States
> fails, without good cause, to sign and return a
> waiver requested by a plaintiff located within the
> United States, the court must impose on the
> defendant:
>> (A) the expenses later incurred in making
>> service; and
>> (B) the reasonable expenses, including
>> attorney's fees, of any motion required to
>> collect those service expenses.

A plaintiff may recover expenses pursuant to Rule 4(d)(2) even if

he does not ultimately prevail in the action.  See Estate of

Darulis v. Garate, 401 F.3d 1060, 1064 (9th Cir. 2005).

    If a plaintiff fails to produce admissible evidence

establishing that the defendant refused a request to waive

service, the district court should deny the Rule 4(d)(2) motion.

See Sony Music Entm't Inc. v. Pedestal Prods., Inc., No. 01 CIV.

4033 RLC FM, 2002 WL 1226861, at *3 (S.D.N.Y. Apr. 9, 2002).

Further, there is good cause for the failure to waive service if

the defendant never received the request for waiver.  See Double

S Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251, 253

(D. Minn. 1997) (citing 1993 Advisory Committee Notes to Rule 4).

The Advisory Committee Notes state that a showing of good cause

for failing to waive serve "should be rare.  It is not a good

cause for failure to waive service that the claim is unjust or

that the court lacks jurisdiction."  Fed. R. Civ. P. 4(d),

advisory committee's note (1993 Amendments).

A.     **<u>Proof of Request to Waive Service</u>**

Royal Travel submitted an affidavit by J. Charles Blanton, Esq., which is notarized and sworn to under oath, but it states only that Mr. Blanton mailed notice of the action and a Request to Waive Service of Summons to each of the Defendants. Mr. Blanton's affidavit does not include the date or dates of these mailings.  According to Mr. Blanton, none of the Defendants returned the waiver within sixty days, as requested.  [Motion, Aff. of J. Charles Blanton ("Blanton Aff.") at ¶¶ 2-3.]  Further, although Mr. Blanton states that copies of the notices are attached to his affidavit as Exhibit A, there are no exhibits attached to either the un-notarized version of his affidavit that Royal Travel filed with the Motion or the notarized version that Royal Travel filed separately on September 11, 2009.  This omission was most likely inadvertent because Defendants have not contested the fact that Royal Travel requested waiver of service. This Court will therefore accept Mr. Blanton's representations about the requests for waiver of service, if Royal Travel files the exhibits referenced in Mr. Blanton's affidavit by **January 29, 2010**.  Based on the assumption that Royal Travel will submit the omitted exhibits, this Court FINDS that Royal Travel requested that Defendants waive service pursuant to Rule 4(d)(2), but Defendants refused.

The Court, however, CAUTIONS Royal Travel that, if it

9

fails to file the omitted exhibits by **January 29, 2010**, the Court will WITHDRAW this Report and issue a new report recommending that Royal Travel's Motion be DENIED WITH PREJUDICE for failure to prove that it requested waiver of service.

     **B.**   <u>Good Cause</u>

Defendants have not given any explanation for their refusal to waive service.  Defendants therefore waived any argument that they had good cause for their refusal to waive service.

Insofar as Royal Travel requested waiver of service and Defendants refused without good cause, this Court FINDS that Royal Travel is entitled to its expenses of service and its reasonable expenses, including attorney's fees, incurred in attempting to collect the expenses of service.

     **C.**   <u>Support for Requested Award</u>

       **1.**   <u>Service Expenses</u>

On November 19, 2008, Royal Travel filed Affidavits of Service by the process server, attesting to the service of each of the Defendants.  [Dkt. nos. 22-29.]  Royal Travel states that it incurred $1,077.50 in service expenses.  [Blanton Aff. at ¶ 4.]  Again, Mr. Blanton states that the invoices from Royal Travel's process server are attached to his affidavit as Exhibit B, but no Exhibit B was attached to either version of his affidavit that Royal Travel filed with the district court.

Mr. Blanton apparently does not have personal knowledge of the execution of service upon Defendants or the cost thereof.  This Court therefore finds that his representations are not sufficient evidence of Royal Travel's service expenses.

Insofar as Royal Travel has not submitted sufficient evidence to establish its service expenses, at this time, the Court RECOMMENDS that the district judge DENY Royal Travel's request for service expenses.  The Court, however, will allow Royal Travel to submit supplemental affidavits with supporting documentation of the service expenses.  If Royal Travel does so, this Court will issue an amendment to this Report.

### 2.   Expenses of Collection

Royal Travel also states that it incurred $525.00 in attorney's fees to prepare the instant Motion and it anticipated incurring an additional $350.00 to prepare the reply and attend the hearing on the Motion.  [Motion, Aff. of Jeffrey R. Townsend in Supp. of Plaintiff's Motion and Memorandum for Costs ("Townsend Aff.") at ¶ 2.]

Mr. Townsend is an attorney with the law firm of Hall, Farley, Oberrecht & Blanton P.A. in Idaho.  According to the Idaho State Bar website, Mr. Townsend was admitted to the Idaho bar in 2007.  According to the State Bar of California website, he was admitted to the California bar in 1999.  Mr. Townsend is not Royal Travel's counsel of record in this case, but

11

Mr. Oberrecht, who was admitted *pro hac vice* and is one the counsel of record, is with the same law firm.

Defendants argue that Mr. Townsend's affidavit is not sufficient support for the Motion because it does not meet the requirements of Local Rule 54.3(e) and because Mr. Townsend is not counsel of record. [Mem. in Opp. at 5-6 & n.1.] As discussed, *supra*, Local Rule 54.3(e) does not apply to the instant Motion. Royal Travel need only submit enough information to allow Defendants to review and the Court to determine whether the requested attorney's fees are reasonable. If Defendants are arguing that Royal Travel cannot recover Mr. Townsend's attorney's fees because he is not counsel of record, they have failed to cite any legal authority for this proposition. Local Rule 83.2 states, in pertinent part:

> Only a member of the bar of this court who is also an active member in good standing of a state bar or its equivalent, or any attorney otherwise authorized by these rules to practice before this court, may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree, or order.

Nothing in Local Rule 83.2 prohibits an out-of-state attorney who did not apply for admission *pro hac vice* from filing an affidavit in support of a motion for attorney's fees. Nor does Rule 83.2 prohibit a party from seeking attorney's fees earned by out-of-state counsel who did not apply for admission *pro hac vice*. <u>See</u>, <u>e.g.</u>, <u>Kotoshirodo v. CART, Inc., et al.</u>, CV 05-00035 DAE-LEK,

Report of Special Master on . . . Motion for Attorneys' Fees and Costs, etc., filed 8/22/06 (dkt. no. 40) (recommending award of attorney's fees incurred by California attorneys who had not applied for admission *pro hac vice*).[4]  Mr. Oberrecht, who is admitted *pro hac vice*, properly signed both the Motion and the reply.  This Court will therefore consider Mr. Townsend's affidavit in support of Royal Travel's request for attorney's fees.

**III. <u>Calculation of Award of Attorney's Fees</u>**

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  <u>Hensley</u>, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in <u>Kerr</u> are:

---

[4] The district judge adopted the Report of Special Master in <u>Kotoshirodo</u> on September 18, 2006.

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  See Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending City of Burlington v. Daque, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345

(9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  See Pennsylvania v. Delaware Valley

Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see

also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

Royal Travel requests $525.00 in attorney's fees

incurred in preparing the instant Motion, and an estimated

$350.00 in attorney's fees for the preparation of the reply and

attending a hearing on the Motion.  These amounts represent 3.0

14

hours that Mr. Townsend spent on the Motion and 2.0 hours that he anticipated spending on the reply and a hearing on the Motion. His hourly rate is $175 per hour.  [Townsend Aff. at ¶ 2.]

A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  Thus, except in certain instances that do not apply in this case, this Court must award an out-of-state attorney no more than the hourly rate that it would award a Hawai`i attorney with comparable experience, skill, and reputation.  Although attorneys are required to submit additional evidence that the rate charged is reasonable, see Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is well aware of the prevailing rates in the community.

As far as this Court can tell, Mr. Townsend has been practicing law since 1999 and is licensed in two states.  This Court therefore FINDS that Mr. Townsend's requested hourly rate of $175 per hour is manifestly reasonable.

15

**B.**    <u>**Hours Reasonably Expended**</u>

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See</u> <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

This Court finds that the 3.0 hours that Mr. Townsend spent preparing the Motion was reasonable.  There was, however, no hearing on the Motion, and Royal Travel did not state exactly how long counsel took to prepare the reply.  Royal Travel's estimated 2.0 hours for the anticipated preparation of the reply and attendance at a hearing which did not occur are not compensable.

This Court therefore FINDS that, at this time, Royal Travel has established the appropriateness of an award of $525.00 in attorney's fees, representing 3.0 hours that Mr. Townsend spent on the Motion, at an hourly rate of $175.  The Court declines to adjust the award based on the remaining <u>Kerr</u> factors.

The Court, however, will allow Royal Travel to submit supplemental affidavits, with supporting documentation, if any, to establish the amount of time counsel spent on the reply.[5]  If Royal Travel submits supplemental affidavits, the Court will issue an amendment to this Report.

## IV.  Calculation of Cost Award

Pursuant to Rule 4(d)(2)(B), Royal Travel is entitled to its reasonable costs incurred in bringing the Motion.  Royal Travel, however, apparently did not incur any costs in bringing the instant Motion.

### CONCLUSION

On the basis of the foregoing, this Court, acting as special master, HEREBY FINDS AND RECOMMENDS that Royal Travel's Motion and Memorandum for Costs, filed on September 10, 2009, be GRANTED IN PART AND DENIED IN PART, if Royal Travel files the Exhibit A referenced in Declaration of J. Charles Blanton by no

---

[5] This Court does not give Royal Travel leave to request additional attorney's fees and costs incurred in preparing the supplemental affidavits.  The supplemental affidavits would not have been necessary if Royal Travel had made complete submissions in the Motion and reply.

later than **January 29, 2010**.  If Royal Travel fails to file Exhibit A by January 29, 2010, the Court will WITHDRAW this Report and issue a new report recommending that the Motion be DENIED WITH PREJUDICE.

Assuming that Royal Travel will file Exhibit A by the deadline, this Court RECOMMENDS that the district judge GRANT Royal Travel $525.00 in attorney's fees for the preparation of the Motion.  The Court RECOMMENDS that the district judge DENY the Motion in all other respects.  If Royal Travel does not file the supplemental affidavits discussed in this Report, this Court RECOMMENDS that the denial be WITH PREJUDICE.

The Court GRANTS Royal Travel leave to file supplemental affidavits with supporting documentation, if applicable, for its service expenses and the attorney's fees incurred in the preparation of the reply.  Royal Travel shall submit the supplemental affidavits by no later than **January 29, 2010**.  Defendants may submit a response to the supplemental affidavits by no later than **February 12, 2010**.  The Court will issue an amendment to this Report thereafter.

IT IS SO FOUND AND RECOMMENDED.

18

DATED AT HONOLULU, HAWAII, January 15, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

ROYAL TRAVEL, INC., ET AL. V. SHELL MANAGEMENT HAWAII, INC., ET AL; CIVIL NO. 08-00314 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION AND MEMORANDUM FOR COSTS