IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYAL TRAVEL, INC., ET AL., )<br>                              )<br>          Plaintiffs,        )<br>                              )<br>     vs.                      )<br>                              )<br>SHELL MANAGEMENT HAWAII,      )<br>INC., ET AL.,                 )<br>                              )<br>          Defendants.         )<br>_____) | CIVIL NO. 08-00314 JMS-LEK |

**AMENDMENT TO REPORT OF SPECIAL MASTER ON**
**PLAINTIFF'S MOTION AND MEMORANDUM FOR COSTS**

On January 15, 2010, this Court filed its Report of Special Master on Plaintiff's Motion and Memorandum for Costs ("Report"). This Court recommended that Plaintiff Royal Travel, Inc.'s ("Royal Travel") Motion and Memorandum for Costs, filed on September 10, 2009 ("Motion"), be granted in part and denied in part if Royal Travel timely filed the exhibits which, although referenced in the Motion, were not filed with the Motion. Assuming that Royal Travel filed the exhibits, this Court recommended that the district judge award Royal Travel $525.00 in attorney's fees for 3.0 hours that Jeffrey Townsend, Esq., spent preparing the Motion. The Court recommended that district judge deny the Motion in all other respects. The Report gave Royal Travel leave to submit supplemental affidavits regarding additional attorney's fees and service costs and cautioned Royal Travel that, if it failed to address all of the issues identified

in the Report, this Court would recommend that the denial be with prejudice.

On January 29, 2010, Royal Travel submitted a Supplemental Affidavit of Jeffrey R. Townsend in support of the Motion ("Supplemental Townsend Affidavit") and a Supplemental Affidavit of J. Charles Blanton in support of the Motion ("Supplemental Blanton Affidavit").  Mr. Townsend states that, in addition to the 3.0 hours he spent on the Motion, he spent 2.5 hours working on the reply for the Motion.  [Suppl. Townsend Aff. at ¶ 2.]  The Supplemental Blanton Affidavit includes: a Notice of a Lawsuit Request to Waive Service of a Summons ("Waiver Request") addressed to each of the defendants in this case; [Exh. A to Suppl. Blanton Aff.;] and invoices for the service of the Complaint and Summons upon each of the defendants.  [Exh. B to Suppl. Blanton Aff.]  Mr. Blanton states that he mailed each defendant a Waiver Request via certified mail with a prepaid, self-addressed envelope to return the form.  None of the defendants returned the form within sixty days.  [Suppl. Blanton Aff. at ¶¶ 2-3.]

Defendants Shell Management Hawaii Inc. ("Shell"), Robert H. Evans, Jr., William D. Matthews, Marianna G. Miller, Anne Lee Ennor, Lawrence Herman, Charles Krause, and John Morgan, individually and as directors of the Keauhou Gardens I Association of Apartment Owners ("AOAO"), and Cynthia ("Cintia")

Dutra, individually and as Agent for Shell and General Manager for the AOAO (all collectively "Defendants"), filed their response on February 12, 2010.  Defendants do not deny receiving the Waiver Requests, and they did not address the amount of service expenses in Royal Travel's request.[1]

**DISCUSSION**

Based upon the Waiver Requests attached to the Supplemental Blanton Affidavit and Mr. Blanton's statements in the affidavit, this Court reaffirms its finding that Royal Travel requested that Defendants waive service pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, but Defendants refused without good cause.  [Report at 7-8.]  Royal Travel is therefore entitled to the expenses it incurred in serving Defendants and the reasonable expenses, including attorney's fees, it incurred in collecting the service expenses, *i.e.* bringing the Motion.  See Fed. R. Civ. P. 4(d)(2)(A), (B).

A.   **Service Expenses**

Royal Travel submitted invoices for the following expenses it incurred to serve Defendants with, *inter alia*, the Summons and Complaint:

---

[1] Defendants' counsel, Lindalee Farm, Esq., and Audrey Yap, Esq., continue to assert that, contrary to Mr. Blanton's affidavit, they never received a request for payment of Royal Travel's service expenses prior to the Motion.  As noted in the Report, this is irrelevant.  [Report at 7 (noting that Local Rule 54.3's requirements did not apply to the Motion).]

```
          Robert Evans           $   152.50
          Bill Matthews          $    91.00
          Marianna Miller        $   123.00
          Penny Ennor            $   140.00
          Lawrence Herman        $   140.00
          Chuck Krause           $   141.00
          John Morgan            $   160.00
          Shell                  $   130.00
               Total             $ 1,077.50
```

[Exh. B to Suppl. Blanton Aff.]  This Court FINDS that Royal Travel incurred $1,077.50 in service expenses because Defendants, without good cause, refused to waive service.  The Court RECOMMENDS that the district judge GRANT Royal Travel's request for service expenses in full.

    **B.**    **Motion Expenses**

In the Report, this Court found that Mr. Townsend's requested rate of $175 per hour is manifestly reasonable and that he reasonably expended 3.0 hours working on the Motion.  [Report at 15-16.]  Mr. Townsend states that he spent 2.5 hours working on the reply.  Royal Travel therefore requests $437.50 in attorney's fees, in addition to the recommended $525.00 award in the Report.  [Suppl. Townsend Aff. at ¶¶ 2-3.]

Excluding the caption, signature page, and certificate of service, the reply was less than three pages long.  The issues discussed in those three pages were not complex.  This Court therefore FINDS that 2.5 hours for the preparation of the reply was excessive and that 1.0 hour is a reasonable amount of time.  This Court therefore RECOMMENDS that the district judge award

Royal Travel an additional $175.00 in attorney's fees, for a total award of $700.

## CONCLUSION

On the basis of the foregoing, this Court hereby AMENDS its Report of Special Master on Plaintiff's Motion and Memorandum for Costs, filed January 15, 2010, as follows: the Court RECOMMENDS that the district judge award Royal Travel a total of $700.00 in attorney's fees and $1,077.50 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 8, 2010.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ROYAL TRAVEL, INC., ET AL. V. SHELL MANAGEMENT HAWAII, INC., ET AL.; CIVIL NO. 08-00314 JMS-LEK; AMENDMENT TO REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION AND MEMORANDUM FOR COSTS**